# EXHIBIT A

**EXHIBIT A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | April 14, 2021 |
| Title | In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthcare | | |

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:             Attorneys Present for Defendants:

Not Present                                                 Not Present

**Proceedings:** **[IN CHAMBERS] Order Regarding Motions to Dismiss TAC**

**Related Cases**: SACV 19-2082, 19-2083, 19-2084, 19-2085, 19-2086, 19-2087, 19-2088, 19-2372, 20-136, 20-137, 20-138, 20-340, 20-341, 20-356.

Before the Court are two motions to dismiss the consolidated third amended complaint ("TAC") of Plaintiffs DR Recovery Encinitas, LLC, MMR Services, LLC, TML Recovery, LLC, Woman's Recovery Center, LLC, Kool Living, Inc., Pacific Palms Recovery, LLC, Inland Detox, Inc., Southern California Addiction Center, Inc., Addiction Health Alliance, LLC, Creative Care, Inc., JMG Investments, Inc., Valley Restoration Center, Inc., Southern California Recovery Centers Oceanside, LLC, JD Recovery, LLC, and 12 South, LLC (collectively "Plaintiffs").

The first motion to dismiss is filed by Defendants Viant Inc. and MultiPlan, Inc. (together – "MultiPlan"). MultiPlan MTD, ECF No. 84. The second motion to dismiss is filed by Defendants UnitedHealth Group, Inc., United HealthCare Services, Inc., United HealthCare Insurance Company, UHC of California, United HealthCare Services LLC, United Behavioral Health, Inc., United Medical Resources, Inc., OptumInsight, Inc., Optum Services, Inc., and Optum, Inc. (together – "United") (collectively with MultiPlan – "Defendants"). United MTD, ECF No. 85.

Plaintiffs submitted a consolidated opposition to both motions to dismiss. Opp'n, ECF No. 87. MultiPlan and United each filed a response. United Reply, ECF No. 89; MultiPlan Reply, ECF No. 88. United also submitted a request for oral argument. ROA, ECF No. 91.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-2075 JVS (DFMx)   Date  April 14, 2021

Title  In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthcare

For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motions.

## I. BACKGROUND

### A. Procedural Background

Three sets of motions to dismiss have previously been filed in this case. The Court granted in part and denied in part MultiPlan and United's first motions to dismiss on February 21, 2020. First Order, ECF No. 35. Plaintiffs filed a consolidated First Amended Complaint ("FAC") on March 19, 2020. FAC, ECF No. 39. The Court granted in part and denied in part MultiPlan and United's second motions to dismiss on July 29, 2020. Second Order, ECF No. 58. Plaintiffs filed a consolidated Second Amended Complaint ("SAC") on August 26, 2020. SAC, ECF No. 63. The Court granted in part and denied in part Multiplan and United's third motions to dismiss on November 18, 2020. Third Order, ECF No. 77. Plaintiffs filed a consolidated Third Amended Complaint ("TAC") on January 28, 2021. TAC, ECF No. 80.

### B. Allegations in the TAC

The TAC asserts six causes of action: (1) claim for plan benefits under ERISA, 29 U.S.C. § 1132(a)(a)(B), (2) breach of written contract, (3) breach of implied covenant of good faith and fair dealing, (4) breach of oral contract, (5) promissory estoppel, (6) unfair competition. See generally TAC.

Plaintiffs are out-of-network substance use disorder treatment providers and clinical laboratories. Id. ¶ 31. Plaintiffs help individuals recover from alcoholism and addiction. Id. Plaintiffs provided medically necessary, verified, preauthorized and covered substance use disorder treatment and laboratory services to 1,304 individuals with health insurance that was sold, insured, managed and/or administered by Defendants. Id. The treatment and services provided by Plaintiffs include residential detoxification and residential treatment ("RTC"), partial hospitalization/day treatment ("PHP"), intensive outpatient ("IOP"), outpatient ("OP"), treatment planning, counseling and behavioral therapies, medication and case management, and laboratory services. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 19-2075 JVS (DFMx)      Date April 14, 2021

Title    In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthcare

    Defendants' health insurance plans, for each of the 1,304 insureds at issue, pay benefits for out-of-network substance use disorder treatment and laboratory services, including, but not limited to, RTC, PHP, IOP, OP, diagnostic evaluations, assessment and treatment planning, treatment and/or procedures, medication management and other associated treatment, psychological testing, referral services, individual, family and group therapy, provider-based case management services, crisis intervention, and laboratory services, at varying percentages of covered charges (between 50% to 90% of covered charges, with the majority of plans paying out-of-network benefits at 70% of covered charges less any outstanding insured cost-sharing amounts, which Defendants deduct from payments to Plaintiffs) until the insured's nominal annual out-of-pocket maximum is met at which time Defendants pay 100%. Id. ¶ 33.

    Plaintiffs allege that each of the 1,304 insureds had already met their annual out-of-pocket maximum at the time they first received treatment or services from Plaintiffs, or shortly thereafter. Id. The plans also pay 100% of covered charges in the event of a "network inadequacy" or "network gap" for the services received. Id. Plaintiffs are informed and believe, and based thereon allege, that at all times relevant herein Defendants had an inadequate network of substance use disorder treatment providers and clinical laboratories. Id.

    Plaintiffs obtained written assignments of benefits from each of the 1,304 insureds at issue, by which Defendants' insureds intended to, and did, assign to Plaintiffs not only rights to payment of claims but to assert all rights and causes of action against Defendants in connection with such claims. Id. ¶ 34. In reliance on the assignments of benefits, Plaintiffs rendered the subject treatment and services to Defendants' insureds/members. Id. ¶ 35. Moreover, Defendants confirmed, represented, promised and warranted to Plaintiffs through the required verification of benefits and the preauthorization process that each of the insureds and their respective out-of-network treatments and services were covered by health insurance plans issued, managed and/or administered by Defendants and that Plaintiffs would be properly paid for treating Defendants' insureds. Id.

    After providing covered treatment and services to the 1,304 insureds at issue, Plaintiffs submitted their claims to Defendants for payment. Id. ¶ 36. Defendants were obligated to pay Plaintiffs the applicable plan percentage of their covered charges (between 50% to 90% of covered charges, with the majority of plans paying

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | April 14, 2021 |
| Title | In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthcare | | |

out-of-network benefits at 70% of covered charges less any outstanding insured cost-sharing amounts) until the insured's nominal annual out-of-pocket maximum is met at which time Defendants pay 100%. Id.

Instead of paying Plaintiffs per the plan documents and the law, and in accordance with Defendants' agreements, representations and promises to Plaintiffs, Defendants engaged in unfair, unreasonable, illegal, incomplete, fraudulent and systematic polices, practices and decisions – with an emphasis on profits over patients – and paid Plaintiffs, as a group, an average of 19.15% of their covered charges. Id. ¶ 37.

During the claim submission and payment process, Defendants put Plaintiffs on various pre-payment review and program integrity audits, and through their various departments, Defendants repeatedly requested the same documents and information from Plaintiffs. Id. ¶ 38 This was all an attempt by Defendants to avoid processing and paying the claims. Id.

Defendants failed and refused to provide Plaintiffs and the insureds with adequate notice and/or explanation for the denial of benefits, payments or reimbursement of claims, and failed and refused to provide Plaintiffs and the insureds with a reasonable opportunity to engage in a meaningful claims process and procedure. Id. ¶ 38.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | April 14, 2021 |
| Title | In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthcare | | |

(quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

    A.    *ERISA Claim*

Defendants present several arguments for dismissal of Plaintiffs' ERISA claim, which the Court addresses in turn.

    *1.*    *Assignment*

First, MultiPlan argues that Plaintiffs' ERISA claim must be dismissed for lack of standing because the SAC does not cite "language of an ERISA assignment itself." MultiPlan MTD at 9-10. The Court previously rejected the argument that Plaintiffs must directly quote language from an assignment to demonstrate standing. See Third Order at 5-7. MultiPlan fails to provide any reason for why the Court should deviate from its previous conclusion. The Court therefore rejects this basis for dismissal.

    *2.*    *Exhaustion*

Next, United argues that the Court must dismiss the claim for failure to plead exhaustion of administrative remedies under the plans. United MTD at 3-8. "ERISA exhaustion . . . is traditionally pled as an affirmative defense." Norris v. Mazzola, 2016 WL 1588345, at *6 (N.D. Cal. Apr. 20, 2016) (collecting cases). "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014); see Norris, 2016 WL 1588345, at *5-6 (explaining applicability of Albino to ERISA cases). Otherwise, failure to exhaust must be raised as part of a motion for summary judgment. Albino, 747 F.3d at 1166.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | April 14, 2021 |
| Title | In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthcare | | |

"Under Ninth Circuit precedent, ERISA's court-created exhaustion requirement applies only if the relevant plan requires exhaustion." Greiff v. Life Insurance Company of North America, 386 F. Supp. 3d 1111, 1113 (D. Ariz. 2019) (citing Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc., 770 F.3d 1282, 1299 (9th Cir. 2014)). "Where plan documents could reasonably be read as making the administrative appeals process optional, exhaustion of administrative remedies is not required." Id. (citing Spinedex, 770 F.3d at 1298-99). "In determining whether an ERISA plan requires administrative exhaustion, the Plan's terms 'should be interpreted in an ordinary and popular sense as would a person of average intelligence and experience.'" Id. (citing Vaught v. Scottsdale Healthcare Corp. Health Plan, 546 F.3d 620, 628 (9th Cir. 2008)).

Dismissal might only be appropriate for the plans cited in the TAC because it is only for those plans that there might be a failure to exhaust that is apparent from the face of the complaint. Albino, 747 F.3d at 1166. The Court has previously found that the Plaintiffs' complaint incorporates the Summary Plan Descriptions and the Certificates of Coverage for the plans it specifically cites, meaning that they are properly considered in determining whether the face of the complaint reflects a failure to exhaust under these plans. See Third Order at 8. The same 31 plans cited in the SAC are incorporated by reference in the TAC. See TAC ¶ 202. The issue is thus whether the Summary Plan Descriptions and Certificates of Coverage for these 31 plans have exhaustion requirements for which Plaintiffs have clearly failed to allege compliance.

United provides with its motion a chart listing the exhaustion requirements for the 31 plans cited in the TAC. See Rowe Decl. Ex. A., ECF No. 85-3. But, Plaintiffs allege that the "majority" of the explanations of benefits ("EOBs") – the documents actually provided to Plaintiffs[1] – contained "no notice of appeal rights or mention of the requirement to exhaust the appeals process." TAC ¶ 224. The TAC then alleges that EOBs sent to providers that do mention an appeals process merely stated that a provider, for example, "may request reconsideration or appeal the decision by submitting comments, documents or other information to UnitedHealthcare." Id. (emphasis added).

---

[1] The Court notes that Plaintiffs did not have access to the Summary Plan Descriptions and Certificates of Coverage prior to this litigation, as shown by the lengthy process the Parties have gone through as Plaintiffs seek plan documents such as these in discovery. See Collins Declaration, ECF No. 70-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | April 14, 2021 |
| Title | In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthcare | | |

This language reflects Plaintiffs' allegation that the ERISA plans do describe their appeals process in optional terms. Id. ¶ 220.

 The Court agrees with Plaintiffs that United's failure to properly notify the Plaintiffs in the EOBs of the need to exhaust administrative remedies is sufficient to obviate any exhaustion requirement. The EOB language alleged in TAC ¶ 224 eliminates Plaintiffs' obligation to exhaust. "[T]elling a claimant that 'she has "a right to" an appeal is not the same as telling a claimant she must appeal or she loses her right to challenge the decision in court.'" Greiff, 386 F. Supp. 3d at 1114 (quoting Laura B. v. United Health Group Co., 2017 WL 3670782, at *6 (N.D. Cal. Aug. 25, 2017)). Such a reading of the EOB's language regarding exhaustion is consistent with the principle that where "plan documents could reasonably be read as making the administrative appeals process optional, exhaustion of administrative remedies is not required." Id. at 1113.

 United argues that it did not have an obligation to inform Plaintiffs, as provider-assignees, about their appeal rights. United MTD at 5-7. But United itself acknowledges that assignees take "the rights that belong to the patients at the time of assignment." Id. at 5. As Greiff indicates, these rights include the right to be informed of the need to appeal prior to filing a lawsuit. One court has also concluded that provider-assignees sufficiently alleged a failure by United to provide reasonable claims procedures by not informing the provider-assignees what the relevant plan's review procedures were. Almont Ambulatory Surgery Center, LLC v. UnitedHealth Group, Inc., 99 F. Supp. 3d 1110, 1179, 1181-82 (C.D. Cal. 2015). Specifically, the Almont court found that the alleged failure to provide reasonable claims procedures violated 29 U.S.C. § 1133(2) and thereby exempted the plaintiffs from needing to exhaust administrative remedies. Id. While Plaintiffs here do allege that a "minority" of EOBs did include some discussion of the administrative remedies – unlike in Almont – Almont is still instructive for the general principle that provider-assignees have equal rights to be informed about administrative remedies as patients.

 United therefore did have an obligation to instruct Plaintiffs that they must appeal adverse decisions to avoid losing the right to litigate. Plaintiffs' allegations that United failed to do so are sufficient to avoid dismissal for failure to exhaust. The Court thus **DENIES** United's motion to dismiss Plaintiffs' ERISA claims for failure to plead exhaustion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | April 14, 2021 |
| Title | In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthcare | | |

### 3. *MultiPlan as a Defendant*

Although Plaintiffs have stated an ERISA claim, MultiPlan still contends that Plaintiffs have not plausibly established that MultiPlan is a proper defendant. MultiPlan MTD at 10-15. The parties agree that the key issue is whether MultiPlan qualifies as a fiduciary. See MultiPlan MTD at 12; Opp'n at 21. "Suits under § 1132(a)(1)(B) to recover benefits may be brought 'against the plan as an entity and against the fiduciary of the plan.'" Spinedex, 770 F.3d at 1297 (quoting Hall v. Lhaco, Inc., 140 F.3d 1190, 1194 (8th Cir.1998)) (emphasis added). A fiduciary is any entity that "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets ... [or] has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A).

The Court previously concluded that the SAC lacked sufficient allegations to make a claim that MultiPlan was a fiduciary plausible. Third Order at 10-11. The TAC builds on the SAC by adding allegations that United, who is named expressly as the fiduciary in the relevant ERISA plans, "delegated to MultiPlan its discretionary authority to determine the amount of benefits owed for medically necessary covered services." TAC ¶ 206. Specifically, the TAC alleges that there was "a service agreement that incentivized MultiPlan to reduce the amount of benefits paid to Plaintiffs." Id. MultiPlan then determined the amount of benefits owed by "using MultiPlan's pricing database of healthcare claims data that is wholly unrepresentative of amounts actually charged by or paid to similar medical providers in Plaintiffs' surrounding area." Id. The amounts determined were "unreasonably low . . . relative to the reimbursement amounts that would have been generated if United and MultiPlan instead had relied on the reimbursement methodologies set forth in the plans." Id.

Notably, one of the cases that MultiPlan cites, ILWU-PMA Welfare Plan Board of Trustees, v. Connecticut General Life Ins. Company, 2015 WL 9300519, at *6 (N.D. Cal. Dec. 22, 2015), specifically found defendants to be fiduciaries because they processed claims "according to their own preferred framework without regard to the limitations of the plan." This is exactly what is alleged here: Plaintiffs assert that MultiPlan used a pricing database in determining the amounts of benefits owed that consisted of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | April 14, 2021 |
| Title | In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthcare | | |

unrepresentative amounts charged and relied on methodologies different from those set forth in the plans. While it might turn out following discovery that these allegations are unfounded, they are sufficient to survive a motion to dismiss.

The Court **DENIES** the motion to dismiss with respect to MultiPlan.

## B. Breach of Implied Covenant of Good Faith and Fair Dealing

Previously, the Court has twice dismissed Plaintiffs' claim because "a claim for breach of the implied covenant is superfluous if it merely restates the claim for breach of contract." Second Order at 10 (quoting Zepeda v. PayPal, Inc., 777 F. Supp. 2d 1215, 1221 (N.D. Cal. 2011)); see also Third Order at 12. "If the allegations do not go beyond the statement of a mere contract breach and relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." Id. (quoting Careau & Co. v. Security Pacific Business Credit, Inc., 222 Cal. App. 3d 1371, 1395 (1990)).

Plaintiffs attempt to build on the allegations in the SAC by adding TAC ¶ 257, which alleges the following conduct by Defendants: "denying and underpaying benefits without any justification, unreasonably delaying adjudication of Plaintiffs' claims in an oppressive effort to force Plaintiffs to accept less than what they are owed under the plans, and leaving Plaintiffs without any notice of a right to appeal Defendants' adverse benefit determinations and forcing Plaintiffs incur the unreasonable expense of attorney fees and litigation costs to pursue the wrongfully denied and withheld benefits."

United accurately points out that the TAC's new allegations are the same allegations made previously in SAC ¶ 244, which is now TAC ¶ 256. United MTD at 9-10; see TAC ¶¶ 256(f) (alleging that Defendants "[c]ompel[ed] Plaintiffs to institute litigation to recover amounts due on the claims at issue by offering substantially less than the amounts owed"); 256(g) (alleging that Defendants "[d]elay[ed] the investigation and payment of the claims at issue by requiring Plaintiffs to submit multiple reports and documents that contain substantially the same information"). The Court has previously held that allegations that Defendants withheld proper payments, interpreted plans in an unduly restrictive manner, and forced Plaintiffs to institute litigation to recover benefits

Case 2:23-cv-02075-JVS-DFM Document 91 Filed 04/14/21 Page 10 of 12 Page ID #:673

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-2075 JVS (DFMx) | Date | April 14, 2021 |
|---|---|---|---|
| Title | In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthcare | | |

were insufficient to distinguish the claim for breach of the implied duty of good faith and fair dealing from the breach of contract claim. Second Order at 10. The new allegations in the TAC reiterate the allegations that the Court has previously found to be insufficient.

Although Plaintiffs point to a series of California cases that state that claims for breach of the implied covenant of good faith and fair dealing in insurance contracts leads to tort liability instead of contract liability, see Opp'n at 22-24 (citing cases), these cases have no bearing on what is required to state a claim for breach of the implied covenant in the first place. They merely discuss the remedies available for plaintiffs who do state a claim for breach of the implied covenant of good faith and fair dealing. The cases therefore do not change the Court's conclusion that Plaintiffs have failed to distinguish their claim from an ordinary breach of contract claim.

As such, the Court **DISMISSES** Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.

C. UCL Claim

Next, the Court considers whether Plaintiffs' UCL claim survives. The Court previously ruled that Plaintiffs could not state a claim under the UCL because they did not show that they were "original, injured claimant[s]" who had standing to sue under the UCL. Third Order at 12-13. Without such a showing, Plaintiffs could not overcome the California Supreme Court's ruling that "[t]o allow a noninjured assignee of an unfair competition claim to stand in the shoes of the original, injured claimant would confer standing on the assignee in direct violation of the express statutory requirement in the unfair competition law[.] . . . [A] private action under that law [must] be brought exclusively by a 'person who has suffered injury in fact and has lost money or property as a result of the unfair competition.'" Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court, 46 Cal. 4th 993, 1002 (2009) (quoting Cal. Bus. & Prof. Code § 17204) (emphasis in original).

Plaintiffs build on the SAC by including in the TAC allegations that they have suffered a "direct injury . . . in the form of lost revenue necessary to keep their businesses in operation." TAC ¶ 279. The Court concludes that this is sufficient to state a claim. The core dispute between the Parties is whether it matters that Plaintiffs' injury stems from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | April 14, 2021 |
| Title | In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthcare | | |

the assignments that the Plaintiffs received from patients. See United MTD at 11; Opp'n at 24. Plaintiffs' receipt of the assignment of insurance benefits under ERISA is distinguishable from the situation in Amalgamated Transit, in which the relevant union plaintiffs sued in a representative capacity on behalf of employees who assigned their UCL claims to the unions. Amalgamated Transit, 46 Cal. 4th at 1001; Summit Estate, Inc. v. United Healthcare Insurance Co., 2020 WL 5436655, at *9 n.3 (N.D. Cal. Sept. 10, 2020) (making the same distinction). Here, by contrast, Plaintiffs' "UCL claim is premised on its own injuries arising from United's alleged conduct in violation of the UCL, in the form of having received a lower payment from United . . . . These alleged injuries are cognizable under the UCL." Summit Estate, 2020 WL 5436655, at *9.

United attempts to rely on In re Wellpoint, Inc. Out-of-Network UCR Rates Litigation, 903 F. Supp. 2d 880, 898-99 (C.D. Cal. 2012), a case which found that healthcare provider plaintiffs who had been assigned the right to collect reimbursement from their patients' insurers did not have standing to assert UCL claims. The reasoning of Wellpoint is inapplicable, however, for it relies on the idea that the plaintiffs "seek to recover derivatively for the injuries inflicted upon their subscriber-patients, and not their own injuries." Id. at 899. Such is not the case here, for Plaintiffs allege that they themselves did not receive the money that they were entitled to by virtue of patients' assignment to them of the right to seek insurance benefits under ERISA. Plaintiffs were not assigned solely the right to sue under the UCL. The Court therefore **DENIES** the motion to dismiss with respect to the UCL claims.

### D. Civil Conspiracy

The Court agrees with MultiPlan that the allegation as to civil conspiracy fails. MultiPlan MTD at 7-9; see TAC ¶ 30. The Court has previously granted MultiPlan's motion to dismiss this theory and Plaintiffs have not defended it. See Second Order at 13; Third Order at 13. The Court therefore **DISMISSES** the civil conspiracy theory.

### E. Remaining Claims

MultiPlan requests that the Court reconsider its rulings with respect to the remaining claims. MultiPlan MTD at 18. MultiPlan provides no argument as to why the Court should reconsider its previous conclusions. Thus, the Court adopts its previous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2075 JVS (DFMx) | Date | April 14, 2021 |
| Title | In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthcare | | |

findings as to these claims and **DENIES** Defendants' motions to dismiss as to these claims.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motion. Having considered United's request for oral argument, the Court concludes that arguments were sufficiently addressed in the briefing papers. United's request for oral argument is therefore **DENIED**.

**IT IS SO ORDERED.**

: 0

Initials of Preparer    lmb