ELIZABETH A. SPERLING (State Bar No. 231474)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone:   213-576-1000
Facsimile:   213-576-1100
E-mail:       elizabeth.sperling@alston.com

EDWARD KANG (Admitted *pro hac vice*)
**ALSTON & BIRD LLP**
950 F St NW
Washington, DC  20004
Telephone:   202-239-3300
E-mail:       edward.kang@alston.com

KELSEY L. KINGSBERY (Admitted *pro hac vice*)
**ALSTON & BIRD LLP**
555 Fayetteville Street #600
Raleigh, NC  27601
Telephone:   919-862-2200
E-mail:       kelsey.kingsbery@alston.com

*Attorneys for Defendants*
CIGNA CORPORATION; CIGNA HEALTH AND LIFE INSURANCE
COMPANY; CONNECTICUT GENERAL LIFE INSURANCE COMPANY;
CIGNA BEHAVIORAL HEALTH, INC.; CIGNA BEHAVIORAL HEALTH OF
CALIFORNIA, INC.; CIGNA HEALTH MANAGEMENT, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DISCOVERY HOUSE, LLC; DISCOVERY TRANSITIONS OUTPATIENT, INC.; DHP HEIGHTS, LLC, doing business as CIRCLE OF HOPE; MT GOLDEN CORPORATION, doing business as ADJUSTMENTS FAMILY SERVICES; MT PROCESS LLC, doing business as DIVINE DETOX,<br><br>Plaintiffs,<br><br>v.<br><br>CIGNA CORPORATION; CIGNA HEALTH AND LIFE INSURANCE COMPANY; CONNECTICUT GENERAL LIFE INSURANCE COMPANY; CIGNA BEHAVIORAL HEALTH, INC.; CIGNA BEHAVIORAL HEALTH OF CALIFORNIA, INC.; CIGNA HEALTH MANAGEMENT, INC.; VIANT, INC.; MULTIPLAN, INC.; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:22-cv-01418-FLA (MRWx)<br>Assigned to the Honorable Fernando L. Aenlle-Rocha<br><br>**CIGNA DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>**[RE-FILED WITH LEAVE OF COURT PER DKT NO. 53]**<br><br>[Filed concurrently with Request for Judicial Notice In Support Of Cigna Defendants' Reply in Support of Motion to Dismiss]<br><br>Hearing Date:   June 3, 2022<br>Hearing Time:   1:00 p.m.<br>Courtroom:       6B |

1

# TABLE OF CONTENTS

2    I.      INTRODUCTION ........................................................................ 1

3    II.     ARGUMENT ............................................................................... 2

4

5        A.    Cigna's Purported "Knowledge" Of The Missing Facts Does Not Relieve Plaintiffs Of Their Obligation Under Rule 8. .............................. 2

6

7        B.    Plaintiffs Fail To Defend Their Claims Under ERISA § 502(a)(1)(B). ......................................................................... 3

8

9             1.    Plaintiffs have not alleged facts sufficient to excuse them from their burden to plead exhaustion of administrative

10                     remedies. ........................................................................... 3

11             2.    Plaintiffs do not sufficiently identify the terms of the ERISA plans that allegedly confer the benefits Plaintiffs seek. ................. 5

12

13        C.    Plaintiffs' State-Law Claims Are Preempted Under ERISA. ................... 6

14

15        D.    Plaintiffs Fail To Defend Their State Law Claims. ................................... 9

16             1.    Plaintiffs do not identify the substance of the relevant contract terms that Cigna allegedly breached. .............................. 9

17

18             2.    Plaintiffs' bad-faith claim is conclusory and duplicative. ............. 10

19             3.    Plaintiffs do not identify any alleged conduct that might

20                     form the basis of an implied contract claim. ................................. 11

21             4.    Plaintiffs fail to defend their breach of oral contract claim. .......... 13

22

23             5.    Plaintiffs fail to respond to Cigna's argument regarding defects in their promissory estoppel claim. ................................... 15

24

25             6.    Plaintiffs fail to defend their UCL claim. ...................................... 15

26                    a.    Plaintiffs lack standing to pursue a claim under the UCL. ........................................................................... 15

27

28

b.   Plaintiffs fail to allege facts to support a violation under the "unlawful" prong. ................................................. 16

c.   Plaintiffs do not dispute that they have alleged an adequate remedy at all. ......................................................... 16

III.   CONCLUSION ................................................................. 17

# TABLE OF AUTHORITIES

Page(s)

### CASES

Adan v. Kaiser Found. Health Plan, Inc.,
    No. 17-cv-01076-HSG, 2018 U.S. Dist. LEXIS 36683 (N.D. Cal. Mar. 6,
    2018) .................................................................................................................. 4

Berger v. Home Depot U.S.A., Inc.,
    476 F. Supp. 2d 1174 (C.D. Cal. 2007) ............................................................ 8

Brand Tarzana Surgical Inst., Inc. v. Blue Cross Blue Shield of Ill.,
    833 F. App'x 714 (9th Cir. 2021) ..................................................................... 6

Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.,
    No. 20-56122, 2022 U.S. App. LEXIS 1109 (9th Cir. Jan. 14, 2022) .............. 14

Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,
    222 Cal. App. 3d 1371 (1990) ........................................................................ 10

Casa Bella Recovery Int'l, Inc. v. Humana Inc.,
    No. SACV 17-01801 AG (JDEx) ..................................................................... 14

Casa Bella Recovery Int'l v. Humana Inc.,
    Nos. SACV 17-01801 AG (JDEx); SACV 17-01804 AG (JDEx); SACV 17-
    01807 AG (JDEx), 2017 U.S. Dist. LEXIS 207148, at *13-14 (C.D. Cal.
    Nov. 27, 2017) ................................................................................................. 12

Catholic Healthcare West-Bay Area v. Seafarers Health & Benefits Plan,
    321 Fed. App'x 563 (9th Cir. 2008) .................................................................. 8

Cnty. of Monterey v. Blue Cross of Cal.,
    No. 17-CV-04260-LHK, 2019 U.S. Dist. LEXIS 13392 (N.D. Cal. Jan. 28,
    2019) .................................................................................................................. 2

Daugherty v. American Honda Motor Co., Inc.,
    144 Cal. App. 4th 824 (2006) ......................................................................... 16

Diaz v. United Agric. Emp. Welfare Benefit Plan & Tr.,
    50 F.3d 1478,1485 (9th Cir. 1995) ................................................................... 4

- iii -

<u>Forest Ambulatory Surgical Assocs., L.P. v. United Healthcare Ins. Co.</u>,
    No. 10-CV-04911-EJD, 2011 U.S. Dist. LEXIS 75433 (N.D. Cal. July 13,
    2011) ............................................................................................................. 5

<u>Forest Ambulatory Surgical Assocs., L.P. v. United Healthcare Ins. Co.</u>,
    No. 12-2916 PSG, 2013 U.S. Dist. LEXIS 190703 (C.D. Cal. Mar. 12, 2013)... 8

<u>Glaus v. Kaiser Found. Health Plan</u>,
    No. C-09-2232 MMC, 2009 U.S. Dist. LEXIS 81089 (N.D. Cal. Sept. 8,
    2009) ............................................................................................................. 4

<u>Glendale Outpatient Surgery Ctr. v. United Healthcare Servs.</u>,
    805 F. App'x 530 (9th Cir. 2020)................................................................. 6

<u>Goldstein v. Gen. Motors LLC</u>,
    517 F. Supp. 3d 1076 (S.D. Cal. 2021) .......................................... 16, 17

<u>Grenell v. UPS Health & Welfare Package</u>,
    390 F. Supp. 2d 932 (C.D. Cal. 2005)......................................................... 4

<u>Hansen v. Scram of Cal.</u>,
    No. CV 17-01474-CAS, 2017 U.S. Dist. LEXIS 235754 (C.D. Cal. Sept. 18,
    2017) ............................................................................................................. 9

<u>Hoag Mem'l Hosp. v. Managed Care Adm'rs</u>,
    820 F. Supp. 1232 (C.D. Cal. 1993)........................................................... 8

<u>In re Out-of-Network Substance Use Disorder Claims Against</u>
    <u>UnitedHealthcare</u>,
    No. 8:19-cv-02075-JVS-DFM (C.D. Cal. Oct. 31, 2019)........................... passim

<u>IV Sols., Inc. v. United HealthCare Servs., Inc.</u>,
    Nos. CV 16-9598-MWF (AGRx), CV 17-3974-MWF (AGRx), 2017 U.S.
    Dist. LEXIS 210782, at *46 (C.D. Cal. Sept. 27, 2017) ............................ 11, 12

<u>J.K.J. v. City of San Diego</u>,
    17 F.4th 1247 (9th Cir. 2021) ...................................................................... 3

<u>Johnson v. Macy</u>,
    145 F. Supp. 3d 907 (C.D. Cal. 2015)........................................................ 15

<u>Malibu Behav. Health Servs. v. Magellan Healthcare, Inc.</u>,
    No. 2:20-cv-01731-ODW, 2021 U.S. Dist. LEXIS 113032 (C.D. Cal. June
    16, 2021) ...................................................................................................... 17

MedARC, LLC v. Cigna Behav. Health of Tex.,
    No. 3:20-CV-3687-N-BH, 2021 U.S. Dist. LEXIS 148963 (N.D. Tex. July
    6, 2021) ...................................................................................................................2

N. Shore Med. Ctr. v. Cigna Health & Life Ins. Co.,
    No. 1:20-cv-24914-KMM, 2021 U.S. Dist. LEXIS 88901 (S.D. Fla. May 10,
    2021) .......................................................................................................................3

Prime Healthcare Servs.-Shasta, LLC v. United Healthcare Servs.,
    No. 2:16-cv-01773-KJM-CKD, 2017 U.S. Dist. LEXIS 162863 (E.D. Cal.
    Sept. 29, 2017) ......................................................................................................16

Sanctuary Surgical Ctr., Inc. v. Unitedhealth Grp., Inc.,
    No. 10-81589-CIV-HURLEY, 2013 U.S. Dist. LEXIS 5497 (S.D. Fla. Jan.
    14, 2013) .................................................................................................................5

Silvercrest Realty, Inc. v. Great Am. E&S Ins. Co.,
    No. SACV-11-01197, 2012 U.S. Dist. LEXIS 201805 (C.D. Cal. Apr. 4,
    2012) .....................................................................................................................17

Simi Surgical Ctr., Inc. v. Conn. Gen. Life Ins. Co.,
    No. 2:17-cv-02685-SVW-AS, 2018 U.S. Dist. LEXIS 199045 (C.D. Cal.
    Jan. 4, 2018)............................................................................................................4

The Meadows v. Employers Health Ins.,
    47 F.3d 1006 (9th Cir. 1995) .................................................................................8

TML Recovery, LLC, et al. v. Cigna Corporation, et al.,
    No. 8:20-cv-00269-DOC-JDE (C.D. Cal. Feb. 11, 2020).........................passim

TML Recovery, LLC, et al. v. Humana, Inc. et al.,
    No. 8:18-cv-00462-AG-JDE (C.D. Cal. Mar. 22, 2018)..............................1, 12

U.S. Ecology, Inc. v. State of Cal.,
    92 Cal. App. 4th 113 (2001) ................................................................................12

Williby v. Aetna Life Ins. Co.,
    867 F.3d 1129 (9th Cir. 2017) ...............................................................................9

Women's Recovery Center LLC, et al. v. Anthem Blue Cross Life and Health
    Insurance Company, et al.,
    No. 8:20-cv-00102-JWH-ADS (C.D. Cal. Jan. 17, 2020).........................passim

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RULES**

Fed. R. Civ. P. 8 ................................................................................................ 2

Fed. R. Civ. P. 12(b)(6) ................................................................................... 3

**STATUTES**

29 U.S.C. §§ 1001 *et seq.* ........................................................................... 5, 6

29 U.S.C. § 1002(16)(B) ............................................................................... 10

ERISA ..................................................................................................... passim

ERISA § 502(a)(1)(B) ...................................................................................... 3

CIGNA DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

## I.  INTRODUCTION

Plaintiffs' Opposition does not identify the facts necessary to overcome the pleading defects in Plaintiffs' various claims for relief. In their Opposition, Plaintiffs rely heavily on cherry-picked portions of decisions from similar cases in this District brought by the same Plaintiffs' counsel. While those decisions are not binding on this Court, Plaintiffs' Opposition neglects to mention that, even in those cases, the courts rejected several of the same arguments Plaintiffs make here and dismissed claims based on substantially similar, and in some cases nearly identical, allegations to the ones Plaintiffs allege in this case. In other instances, to the extent the courts in those cases did not dismiss a particular claim, the plaintiffs' allegations were far more detailed than Plaintiffs' allegations here, highlighting the deficiencies in Plaintiffs' Complaint. In short, to the extent this Court looks to those decisions for guidance, as a whole, they counsel in favor of dismissal of most, if not all, of Plaintiffs' claims:

- In Women's Recovery Center LLC, et al. v. Anthem Blue Cross Life and Health Insurance Company, et al., No. 8:20-cv-00102-JWH-ADS (C.D. Cal. Jan. 17, 2020) (the "Women's Recovery Action"), Judge Holcomb recently ruled on defendants' motion to dismiss the second amended complaint, dismissing plaintiffs' claim under ERISA as well as their claims for breach of written contract, breach of the implied covenant of good faith and fair dealing, breach of implied contract, and violation of the UCL.

- In TML Recovery, LLC, et al. v. Humana, Inc. et al., No. 8:18-cv-00462-AG-JDE (C.D. Cal. Mar. 22, 2018) (the "Humana TML Action"), Judge Guilford twice dismissed the plaintiffs' complaint in its entirety and, after three iterations of the complaint, dismissed with prejudice plaintiffs' claims for breach of implied contract, breach of oral contract, promissory estoppel, quantum meruit, and violation of the UCL.

- In TML Recovery, LLC, et al. v. Cigna Corporation, et al., No. 8:20-cv-00269-DOC-JDE (C.D. Cal. Feb. 11, 2020) (the "Cigna TML Action"), Judge Carter also initially dismissed plaintiffs' complaint in its entirety and again dismissed plaintiffs' claims for breach of the implied covenant of good faith and fair dealing, breach of implied contract, breach of oral contract, and violation of the UCL.

- In In re Out-of-Network Substance Use Disorder Claims Against UnitedHealthcare, No. 8:19-cv-02075-JVS-DFM (C.D. Cal. Oct. 31, 2019) (the "UnitedHealthcare Action"), Judge Selna has now ruled on four motions to dismiss. After multiple pleading

- 1 -

1
2
attempts, the court dismissed with prejudice plaintiffs' claims for breach of the implied covenant of good faith and fair dealing and breach of implied contract.

3       Undeterred by the directives from these decisions, Plaintiffs attempt to bring
4   several of the same defective claims here. The gist of the Complaint is that Cigna did
5   not pay enough on Plaintiffs' claims for 175 unidentified patients because the terms of
6   the applicable, yet unspecified, benefit plans allegedly required Cigna to pay some
7   amount more. But Plaintiffs fail to identify, among other things, (1) any basic
8   information about the claims; (2) the terms of the plans that allegedly required Cigna to
9   pay more; and (3) any conduct or representation that created an obligation, outside the
10   terms of the plans, for Cigna to pay more. None of Plaintiffs' purported excuses for
11   failing to plead these facts relieves Plaintiffs of their burden to plead them.

**II.   ARGUMENT**

12
13       **A.   Cigna's Purported "Knowledge" Of The Missing Facts Does Not Relieve Plaintiffs Of Their Obligation Under Rule 8.**
14

15       Plaintiffs concede that they have not alleged any details regarding the patients
16   and claims at issue. (Dkt. No. 44 ("Opp.") at 5.) And Plaintiffs do not dispute that these
17   details are critical pieces of information. Instead, Plaintiffs' only response is that Cigna
18   already knows the information about the claims at issue because Plaintiffs provided the
19   information to Cigna informally outside of the pleading. (Id.) Plaintiffs offer no
20   authority to suggest that Plaintiffs can satisfy Rule 8 by referencing unpled information
21   separately provided to defendants. Nor do Plaintiffs even attempt to address the long
22   line of authority requiring plaintiffs to include this information in their Complaint. (See
23   Dkt. No. 32-1 ("Mot.") at 6-7.) Plaintiffs' insistence that Cigna "knows" which claims
24   are at issue is no excuse for omitting this vital information from their Complaint. See
25   Cnty. of Monterey v. Blue Cross of Cal., No. 17-CV-04260-LHK, 2019 U.S. Dist.
26   LEXIS 13392, at *11-12 (N.D. Cal. Jan. 28, 2019) (rejecting provider plaintiff's
27   argument that it should not be required to plead information about the claims and
28   patients at issue because defendants are "well aware" of the claims at issue); MedARC,

- 2 -

*LLC v. Cigna Behav. Health of Tex.*, No. 3:20-CV-3687-N-BH, 2021 U.S. Dist. LEXIS 148963, at \*24 (N.D. Tex. July 6, 2021) (rejecting plaintiff's argument that it should be excused from pleading details about the claims at issue because it had already provided those details prior to filing suit and holding that defendants' "alleged knowledge of the claims or the plan terms cannot cure these pleading defects"); N. Shore Med. Ctr. v. Cigna Health & Life Ins. Co., No. 1:20-cv-24914-KMM, 2021 U.S. Dist. LEXIS 88901, at \*11-12 (S.D. Fla. May 10, 2021) (rejecting plaintiff's argument that providing claims information through initial disclosures rather than in its pleading was sufficient and requiring the plaintiff to plead the information in its complaint). Providing the information outside of the pleading process prohibits Cigna from relying on the information in a defensive pleading or motion under Fed. R. Civ. P. 12(b)(6). See J.K.J. v. City of San Diego, 17 F.4th 1247, 1254 (9th Cir. 2021). In short, it does not matter whether Cigna "knows" the facts or not – Plaintiffs must include the key facts that form the basis of their claims in the Complaint.

## B. Plaintiffs Fail To Defend Their Claims Under ERISA § 502(a)(1)(B).

### 1. Plaintiffs have not alleged facts sufficient to excuse them from their burden to plead exhaustion of administrative remedies.

Plaintiffs do not dispute that exhaustion of administrative remedies is an important prerequisite to seeking relief under ERISA in federal court. Nor do they dispute that exhaustion must be affirmatively pled. Plaintiffs' only response is that they should be excused from this pleading requirement because (1) they should be "deemed" to have exhausted their administrative remedies; and (2) they have alleged that exhaustion would be "futile." (Opp. at 8.) Both of these arguments fail.

First, Plaintiffs believe that their unsupported conclusion that Cigna "failed to provide Plaintiffs with proper notice of their appeal rights" is sufficient to "deem" their administrative remedies to be exhausted. (Opp. at 9.) It is not. Plaintiffs do not explain whether they believe the provisions in the plan documents, Cigna's explanation of benefits ("EOBs"), or some other document constitutes the alleged improper notice.

Absent any factual allegations regarding this purported improper notice, Plaintiffs cannot be "deemed" to have exhausted their administrative remedies.

Moreover, the only case Plaintiffs rely on for support illustrates this point. In the UnitedHealthcare Action, the court relied heavily on the precise language in United's EOBs in concluding that the language was insufficient to advise plaintiffs of the need to exhaust their administrative remedies. (Dkt. No. 45 ("Pltfs. RJN"), Ex. A at 7.) Unlike in the UnitedHealthcare Action, Plaintiffs have failed to include any such language that this Court might rely on to reach a similar conclusion. Without this language or any other factual support, Plaintiffs' allegations are insufficient to excuse Plaintiffs from pleading exhaustion. See Adan v. Kaiser Found. Health Plan, Inc., No. 17-cv-01076-HSG, 2018 U.S. Dist. LEXIS 36683, at *20-22 (N.D. Cal. Mar. 6, 2018); Glaus v. Kaiser Found. Health Plan, No. C-09-2232 MMC, 2009 U.S. Dist. LEXIS 81089, at *11 (N.D. Cal. Sept. 8, 2009).

Second, Plaintiffs have not sufficiently alleged futility. Plaintiffs merely point to their own conclusory allegations regarding Cigna's purported failure to "provide Plaintiffs with a reasonable opportunity to engage in a meaningful claims process and procedure which was full and fair." (Opp. at 10.) But this is precisely the type of vague and factually unsupported conclusion that courts in this Circuit have rejected as insufficient to plead futility. See Diaz v. United Agric. Emp. Welfare Benefit Plan & Tr., 50 F.3d 1478,1485 (9th Cir. 1995); Grenell v. UPS Health & Welfare Package, 390 F. Supp. 2d 932, 935 (C.D. Cal. 2005); Simi Surgical Ctr., Inc. v. Conn. Gen. Life Ins. Co., No. 2:17-cv-02685-SVW-AS, 2018 U.S. Dist. LEXIS 199045, at *11 n.3 (C.D. Cal. Jan. 4, 2018).[1] In fact, in an earlier decision in the UnitedHealthcare Action—the case Plaintiffs rely on—the court dismissed plaintiffs' ERISA claim for failure to allege administrative exhaustion noting that plaintiffs "merely alleged generally that

---

[1] The Cigna TML Action, which Plaintiffs rely on, is inconsistent with Diaz and its progeny, including the recent decision in the UnitedHealthcare Action. (Opp. at 10-11 (citing Cigna TML Action, 2021 U.S. Dist. LEXIS 162219, at *15).)

misconduct rendered exhaustion futile without analyzing the particular details of the administrative process." <u>UnitedHealthcare Action</u>, 2020 U.S. Dist. LEXIS 249683, at *14. Only after the plaintiffs amended their allegations to plead the express language from the EOBs regarding the alleged improper notice as well as a chart identifying the exhaustion requirements in the applicable benefit plans was the court satisfied that plaintiffs were excused from pleading administrative exhaustion. (Pltfs. RJN, Ex. A at 6-7.) Here, by contrast, Plaintiffs' Complaint has no such allegations.

### 2. Plaintiffs do not sufficiently identify the terms of the ERISA plans that allegedly confer the benefits Plaintiffs seek.

First, Plaintiffs do not even respond to Cigna's argument that Plaintiffs have not identified a single plan governed by ERISA. This threshold failure warrants dismissal of the ERISA claim, and Plaintiffs have failed to offer any argument or authority to suggest otherwise. Second, citing to Fifth Circuit law, Plaintiffs erroneously contend that they have provided sufficient "notice" as to the provisions Cigna allegedly breached with their references to possible ranges of reimbursement rates and options for reimbursement methodologies. (Opp. at 12.) Under Ninth Circuit law, however, these broad generalizations are not enough. Plaintiffs must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle them to benefits. <u>See</u> <u>Forest Ambulatory Surgical Assocs., L.P. v. United Healthcare Ins. Co.</u>, No. 10-CV-04911-EJD, 2011 U.S. Dist. LEXIS 75433, at *14 (N.D. Cal. July 13, 2011) (dismissing an ERISA claim where plaintiff's allegations about the plan's provisions that defendants allegedly violated were too general).[2] Plaintiffs' suggestion that Cigna must have violated all possible methodologies and potential reimbursement rates within

---

[2] Courts in other jurisdictions agree that Plaintiffs' allegations fall short of the standard. <u>See, e.g.</u>, <u>Sanctuary Surgical Ctr., Inc. v. Unitedhealth Grp., Inc.</u>, No. 10-81589-CIV-HURLEY, 2013 U.S. Dist. LEXIS 5497, at *11, *18 (S.D. Fla. Jan. 14, 2013) (dismissing ERISA claim because despite providing "specific language from six summary plan descriptions" plaintiff failed to provide "a precise description of the relevant coverage and exclusionary language of all plans").

a range for a variety of services is insufficient. Notably, Plaintiffs fail to address the authority Cigna cites which makes clear that references to potential ranges of rates of reimbursement are inadequate.  (See Mot. at 10-11.)

Furthermore, Plaintiffs' suggestion that "virtually identical allegations" have survived motions to dismiss in this District is inaccurate. (Opp. at 13.) Although the court in the UnitedHealthcare Action eventually found the plaintiffs' allegations regarding the plan terms were sufficient, that was only after two dismissals for failure to adequately plead them. UnitedHealthcare Action, 2020 U.S. Dist. LEXIS 81195, at *16-17 (Feb. 21, 2020); UnitedHealthcare Action, 2020 U.S. Dist. LEXIS 153773, at *9-10 (July 29, 2020).   The version that ultimately satisfied the court contained allegations that stand in stark contrast to those in Plaintiffs' Complaint. The plaintiffs there actually "identif[ied] relevant plan terms from sample summaries of benefit plans," which were attached to the Second Amended Complaint as exhibits. UnitedHealthcare Action, 2020 U.S. Dist. LEXIS 249683, at *15.[3] Here, Plaintiffs have not even identified the plans, much less attached them to the Complaint.

## C.   Plaintiffs' State-Law Claims Are Preempted Under ERISA.

Plaintiffs fail to explain how their state law claims escape ERISA's broad conflict preemption provisions. Plaintiffs agree that any state law claim that either makes "reference to" or has a "connection with" an ERISA plan is preempted. (Opp. at 19.) But in arguing that their state-law claims are not preempted, Plaintiffs ignore the explicit references to the applicable plans set forth in their Complaint and the undeniable connection those plans have with Plaintiffs' claims. Even assuming Plaintiffs have sufficiently alleged an obligation arising from oral representations or trade and custom (which they have not), by Plaintiffs' own allegations, any purported obligation is

---

[3] Plaintiffs also cite to the Cigna TML Action for this proposition, but that decision is inconsistent with UnitedHealthcare Action and the Ninth Circuit's directive in Glendale Outpatient Surgery Ctr. v. United Healthcare Servs., 805 F. App'x 530, 531 (9th Cir. 2020) and Brand Tarzana Surgical Inst., Inc. v. Blue Cross Blue Shield of Ill., 833 F. App'x 714, 715 (9th Cir. 2021).

allegedly only an obligation to pay Plaintiffs "on the same terms as provided for in the plans." (Compl. ¶¶ 160, 180.) The terms of the plans are therefore necessarily the cornerstone of all of Plaintiffs' state law claims. Plaintiffs do not even attempt to square their own allegations with their position that their claims do not "require the existence of an ERISA plan to adjudicate them." (Opp. at 21.)

Plaintiffs rely on the UnitedHealthcare Action for support but fail to acknowledge that the court actually dismissed with prejudice the plaintiffs' implied contract claim in that case, finding that it was preempted by ERISA. UnitedHealthcare Action, 2020 U.S. Dist. LEXIS 153773, at *13. The court determined that the plaintiffs' allegation that United "interpret[ed] the plan in an unduly restrictive manner so as to deny coverage and benefits"—the exact same allegation Plaintiffs make in this case—was a "reference to an ERISA plan" that triggered ERISA preemption. Id. Although the court did not reach the same conclusion with respect to the remaining state law claims, it should have, given the allegations supporting those claims. The remaining claims are actually tied even more directly to the plans than the implied contract claim because Plaintiffs allege that the basic obligation Plaintiffs seek to enforce with those claims is Cigna's alleged obligation to pay Plaintiffs "on the same terms as provided for in the plans." (Compl. ¶¶ 160, 180.) In that regard, the UnitedHealthcare Action was incorrectly decided and is an outlier even within this District.  For example, the court in two recent decisions in the Women's Recovery Action and the Cigna TML Action dismissed with prejudice each of the plaintiffs' state law claims—which are nearly identical to the state law claims asserted in this case—as preempted to the extent the claims are governed by an ERISA plan. Women's Recovery Action, 2022 U.S. Dist. LEXIS 26463, at *22-23 (Feb. 2, 2022); Request for Judicial Notice in Support of Cigna Defendants' Reply in Support of Motion to Dismiss ("Cigna RJN"), Ex. A at 6-7.  In doing so, both courts rejected the exact same arguments Plaintiffs press here—that Plaintiffs' state law claims purportedly arise from "independent contracts and agreements with Plaintiffs." (Opp. at 21.)

Plaintiffs also cite to four, much older, decisions from this District[4] for support. (Opp. at 21.) However, the preemption analysis in each of those cases is easily distinguishable because in those cases the third-party provider had alleged an obligation that was truly independent of the applicable benefit plans. In particular, the providers did not allege that the insurance company's purported independent obligation was to pay "on the same terms as provided for in the plans"[5] as Plaintiffs do here. If they had, the claims would have been preempted by ERISA. These decisions offer no reason why this Court should depart from the reasoning in the <u>Women's Recovery Action</u> and the <u>Cigna TML Action</u> to conclude that each and every one of Plaintiffs' state law claims is preempted by ERISA and should be dismissed with prejudice.

Plaintiffs' reference to ERISA's savings clause also does not assist Plaintiffs' preemption arguments. (Opp. at 24-25.) Plaintiffs argue that because their UCL claim is based, in part, on alleged violations of state insurance regulations, the claim is not preempted. (<u>Id.</u>) But for the reasons discussed in Cigna's moving papers, Plaintiffs have not sufficiently alleged a violation of any insurance regulation. <u>See</u> <u>Berger v. Home Depot U.S.A., Inc.</u>, 476 F. Supp. 2d 1174, 1177 (C.D. Cal. 2007). And even if they had, Plaintiffs would still not be able to avoid ERISA preemption.  The savings clause, which

---

[4] <u>Hoag Mem'l Hosp. v. Managed Care Adm'rs</u>, 820 F. Supp. 1232, 1236 (C.D. Cal. 1993); <u>The Meadows v. Employers Health Ins.</u>, 47 F.3d 1006, 1008 (9th Cir. 1995); <u>Catholic Healthcare West-Bay Area v. Seafarers Health & Benefits Plan</u>, 321 Fed. App'x 563, 564 (9th Cir. 2008); <u>Forest Ambulatory Surgical Assocs., L.P. v. United Healthcare Ins. Co.</u>, No. 12-2916 PSG (FFMx), 2013 U.S. Dist. LEXIS 190703, at *9 (C.D. Cal. Mar. 12, 2013)).

[5] In addition, in each of those four cases, the provider did not have an assignment of benefits from its patients to pursue a derivative claim. Rather, the provider's only recourse was a direct claim against the insurance company. <u>Hoag</u>, 820 F. Supp. at 1236-37; <u>The Meadows</u>, 47 F.3d at 1008, 1010; <u>Catholic Healthcare</u>, 321 Fed. App'x at 564-65; <u>Forest Ambulatory</u>, 2013 U.S. Dist. LEXIS 190703, at *27. In each case, this fact was central to the court's conclusion that the providers' state law claims were not preempted. <u>See id.</u> Here, however, Plaintiffs profess to have a valid assignment of benefits from each of the 175 Patients.  (Compl. ¶¶ 21-22, 45, 73, 93, 132.)

operates as "a carve-out from the preemption clause," applies only to fully-insured, as opposed to self-funded, plans. <u>Williby v. Aetna Life Ins. Co.</u>, 867 F.3d 1129, 1135 (9th Cir. 2017) (citations omitted). In other words, any state insurance regulation is preempted to the extent it purports to regulate self-funded ERISA plans. <u>Id.</u> at 1136. Here, Plaintiffs have failed to identify any plans at all, much less any fully-insured ERISA plans to which the savings clause might apply.

### D. Plaintiffs Fail To Defend Their State Law Claims.

#### 1. Plaintiffs do not identify the substance of the relevant contract terms that Cigna allegedly breached.

To begin, Plaintiffs do not even address Cigna's argument regarding their threshold failure to identify even a single contract governed by California law. (Mot. at 19.) This omission alone—and Plaintiffs' failure to respond to the argument altogether—confirms this claim should be dismissed. Instead, Plaintiffs defend their allegations only by arguing that they are sufficient because Plaintiffs are not required to "quote the exact contract language or attach a copy of the contract." (Opp. at 26.) But Plaintiffs are required to plead "the substance of the relevant contract terms"—and because they do not do so, their claim fails. <u>See Hansen v. Scram of Cal.</u>, No. CV 17-01474-CAS (PLAx), 2017 U.S. Dist. LEXIS 235754, at *22 (C.D. Cal. Sept. 18, 2017). Plaintiffs' references to possible reimbursement rates within a range and options for reimbursement methodology do not satisfy this requirement.

Plaintiffs again rely on non-binding decisions (<u>UnitedHealthcare Action</u> and <u>Cigna TML Action</u>) insisting that this District has "on multiple occasions" found the same allegations sufficient to state a claim for breach of a non-ERISA contract. (Opp. at 26.) But Plaintiffs neglect to mention that courts in this District have also rejected nearly identical allegations as insufficient to state a plausible claim for breach of a written contract under California law. In the <u>Women's Recovery Action</u>, Judge Holcomb noted the plaintiffs' failure "to separate the ERISA plans from the non-ERISA plans" and found the providers' generalized allegations regarding the contract

provisions to be inadequate.  2022 U.S. Dist. LEXIS 26463, at *26-27 (Feb. 2, 2022). Here too, Plaintiffs lump together all unspecified ERISA plans and non-ERISA policies and, without support, conclude that they all contain the same general ranges of reimbursement rates and options for reimbursement methodologies.[6] These broad generalizations that purportedly apply equally to all ERISA plans and non-ERISA policies are implausible and insufficient to state a cognizable claim for relief.

### 2. Plaintiffs' bad-faith claim is conclusory and duplicative.

Despite the fact that the <u>UnitedHealthcare Action</u>, the <u>Cigna TML Action</u>, and the <u>Women's Recovery Action</u> each conclusively dismissed a nearly identical bad-faith claim, Plaintiffs raise it a fourth time here. In defense of its claim, Plaintiffs recite the same conclusory allegations regarding the list of regulations they believe Cigna violated and which have been consistently rejected by courts in this District. (Opp. at 28-29.)

Plaintiffs' attempt to distinguish the authority Cigna cites—which makes clear that conclusory allegations regarding purported "unreasonableness" such as the ones Plaintiffs rely on are insufficient—is unavailing. Plaintiffs note that the cases Cigna relies on are not "insurance bad faith case[s]" but fail to explain why this makes a difference. To state a claim based on the implied covenant of good faith and fair dealing under California law—in any context—a plaintiff must set forth non-conclusory allegations regarding misconduct beyond a mere breach of the contract. <u>See</u> <u>Careau & Co. v. Sec. Pac. Bus. Credit, Inc.</u>, 222 Cal. App. 3d 1371, 1395 (1990). Plaintiffs have not done so. And they have not cited any authority to suggest they are relieved of these pleading requirements simply because this case involves an insurance dispute.

---

[6] On its face, the public resource Plaintiffs reference appears only to relate to ERISA plans, as it refers to "[t]he plan sponsor (your employer or other organization)," which is a term of art applicable to plans governed by ERISA. <u>See</u> 29 U.S.C. § 1002(16)(B). Plaintiffs cannot rely on this ERISA-related resource to plausibly state a claim under California law based on non-ERISA policies.

### 3. Plaintiffs do not identify any alleged conduct that might form the basis of an implied contract claim.

Plaintiffs agree that an implied contract must be based on conduct alone and cannot be based on express words—whether written or oral. (Opp. at 30.) They attempt to explain away their implied contract allegations, which are based on express words, by asserting that their implied contract claim is "in the alternative to their express contract claims." (Id.) But the implied contract claim *itself* is based directly on express words: the allegations forming the basis of Plaintiffs' fourth claim for relief are specifically based on "network gap" provisions in "the health insurance plans at issue" (i.e., express written words) and alleged "promises by Defendants to pay" (i.e., express oral words). (Compl. ¶¶ 167-68.) These allegations are confusingly misplaced rendering the basis for the implied contract claim entirely indiscernible. For this reason alone, the claim should be dismissed.

Contrary to the allegations in the Complaint, Plaintiffs now suggest, in their Opposition, that this claim is based solely on alleged "conduct." (Opp. at 30.) But even the "conduct" Plaintiffs identify is insufficient to plead an implied contract claim. First, Plaintiffs point to Cigna's alleged past "payments for services" as a "course of conduct" giving rise to an implied contract claim. (Id.) But Plaintiffs ignore Cigna's authority which makes clear that unspecified past payments are not enough to state a cognizable implied contract claim. See, e.g., IV Sols., Inc. v. United HealthCare Servs., Inc., Nos. CV 16-9598-MWF (AGRx), CV 17-3974-MWF (AGRx), 2017 U.S. Dist. LEXIS 210782, at *46 (C.D. Cal. Sept. 27, 2017). And this is particularly true where, as here, Plaintiffs describe the alleged past payments as "sporadic[]" and "diminishing" over time. (Opp. at 31.) The law does not imply a promise to pay a certain amount on all future claims based on a "sporadic" and "diminishing" pattern of past payments.

Second, Plaintiffs refer to their baseless conclusion, made "on information and belief," that Cigna has an "inadequate network" of providers. (Opp. at 30.) This allegation, however, does not describe any conduct that Cigna engaged in that

purportedly creates an enforceable implied obligation to pay Plaintiffs. But, in any event, Plaintiffs disregard the authority Cigna cites which confirms that bare accusations regarding the sufficiency of a provider network, such as these, are inadequate. See Casa Bella Recovery Int'l, Inc. v. Humana Inc., Nos. SACV 17-01801 AG (JDEx), 2017 U.S. Dist. LEXIS 207148, at *13-14 (C.D. Cal. Nov. 27, 2017).

Furthermore, Plaintiffs fail to explain how their references to "prior authorization" and "verification" amounts to "conduct" sufficient to support an implied contract claim. Nor do they cite any case in which the court found that it did. In fact, these are the identical references that courts in similar cases have rejected. See, e.g., Humana TML Action, 2018 U.S. Dist. LEXIS 228980, at *10 (C.D. Cal. Nov. 26, 2018) (dismissing implied contract claim with prejudice because plaintiffs' broad allegations that they expected to be paid based on alleged authorization and verification of benefits were insufficient to put the defendants on notice regarding any specific promises); Women's Recovery Action, No. 8:20-cv-00102-JWHADSx, 2022 U.S. Dist. LEXIS 26463, at *29 (C.D. Cal. Feb. 2, 2022) (dismissing breach of implied contract claim with prejudice because "Plaintiffs concede that actions such as verifying benefits are insufficient to constitute an implied contract, yet actions such as verifying benefits are the basis of Plaintiffs' claims").

Finally, with respect to Cigna's argument based on lack of consideration, Plaintiffs respond that Cigna somehow "misinterpret[s]" Plaintiffs' claim. (Opp. 31.) But Plaintiffs fail to explain how this is so. The concept is well-grounded in the law: a contract claim based on a preexisting obligation—such as Plaintiffs allege—fails for lack of consideration. See U.S. Ecology, Inc. v. State of Cal., 92 Cal. App. 4th 113, 129 (2001) ("A promise to perform a preexisting legal duty is not supported by consideration."). This is the exact reason other courts in this District have dismissed nearly identical implied contract claims. See Cigna TML Action, 2021 U.S. Dist. LEXIS 162219, at *18 (dismissing implied contract claim for lack of consideration because plaintiff failed "to allege the promises at the heart of Defendants' alleged

implied and oral contracts contained any additional guarantees than those guarantees already contained in the written contract"); <u>IV Sols., Inc.</u>, 2017 U.S. Dist. LEXIS 223123 at \*31 (dismissing implied contract claim because any promise to pay for past services "would have lacked consideration").

### 4. Plaintiffs fail to defend their breach of oral contract claim.

In its moving papers, Cigna argued that Plaintiffs' oral contract claim fails because (1) it lacks any consideration, and (2) even if there was valid consideration, the mere verification of coverage and pre-authorization is insufficient to form a valid contract. Plaintiffs' response misapprehends the consideration analysis. According to Plaintiffs, consideration can take the form of "prejudice" or an agreement to suffer a "prejudice" and because Plaintiffs "suffered a detriment," their rendering of "SUD treatment" is consideration for the oral contract. (Opp. at 34.) But the problem with Plaintiffs' logic is that Plaintiffs have alleged a pre-existing duty to perform the very obligation that it now argues suffices as consideration for their oral contract claim (i.e., to pay Plaintiffs as provided in the applicable plans). The "detriment" Plaintiffs describe—"the SUD treatment they rendered"—is the same act that gave rise to their preexisting duty. There is no separate consideration here. And Plaintiffs offer no authority to the contrary.

Again, Plaintiffs rely on the <u>UnitedHealthcare Action</u> and the <u>Women's Recovery Action</u> to suggest that courts in this District agree that Plaintiffs' allegations are sufficient. But again Plaintiffs fail to acknowledge that in the <u>Cigna TML Action</u>, the court dismissed Plaintiffs' oral contract claim for lack of consideration, explaining that "since Defendants were already legally obligated to pay these rates under the express contract (according to Plaintiffs), the promise to pay identical rates for the same services rendered cannot also serve as consideration for the written and oral contracts." See <u>Cigna TML Action</u>, 2021 U.S. Dist. LEXIS 162219, at \*19.

Consideration aside, Plaintiffs also fail to explain how their allegations regarding "prior authorizations and verifications" are sufficient to state a claim for relief. Plaintiffs

- 13 -

attempt to overcome the long line of authority confirming that "prior authorizations and verifications" cannot form the basis of an enforceable agreement by relying on the Ninth Circuit's unpublished decision in <u>Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.</u>, No. 20-56122, 2022 U.S. App. LEXIS 1109, at *2 (9th Cir. Jan. 14, 2022). (Opp. at 32.)  In doing so, Plaintiffs overstate the holding in <u>Bristol</u>. At issue in <u>Bristol</u> was not a mere verification of coverage or prior authorization. Rather, plaintiffs in that case introduced evidence of agreements regarding "specific and individualized treatment plans . . .  as well as agreements over specific percentages of UCR rates for the services rendered." <u>Id</u>. at *2. Here, by contrast, Plaintiffs have not alleged any promise to pay a "specific percentage of UCR rates" for a "specific and individualized treatment plan." Rather, Plaintiffs allege only that "prior authorizations and verifications" occurred without any further details and that Cigna also allegedly promised to pay on the same terms that the plans provide—without specifying any particular amount promised for any particular service.  (Compl. ¶ 173.)  These are precisely the type of allegations that have long been rejected as insufficient.  (<u>See</u> Mot. at 23-24.)  Indeed, the court in the <u>Women's Recovery Action</u> had no trouble dismissing nearly identical allegations as insufficient for this exact reason.  <u>Women's Recovery Action</u>, 2022 U.S. Dist. LEXIS 26463, *30-31.

Finally, Plaintiffs question Cigna's reliance on <u>Casa Bella Recovery</u>, 2017 U.S. Dist. LEXIS 207148, at *13, pointing out that in a later decision the court denied Humana's motion to dismiss the oral contract claim. (Opp. at 32 n.14 (citing <u>Casa Bella Recovery Int'l, Inc. v. Humana, Inc.</u>, No. SACV 17-01801 AG (JDEx), 2018 U.S. Dist. LEXIS 237163 (C.D. Cal. Feb. 26, 2018).) But the court did so based on plaintiff's inclusion of additional allegations regarding "the terms of the agreement" to support its claim, including the exact amount that Humana allegedly agreed to pay (60% of plaintiff's billed charges) and the exact amount Humana allegedly paid (0% of plaintiff's billed charge). This procedural history supports Cigna's argument that mere "prior authorizations and verifications" cannot form the basis of an enforceable oral

- 14 -

agreement and is consistent with the holding in <u>Bristol</u>.  (<u>See</u> Mot. at 23-24.)

### 5. Plaintiffs fail to respond to Cigna's argument regarding defects in their promissory estoppel claim.

In its moving papers, Cigna explained that Plaintiffs' promissory estoppel claim fails because a written contract "governs the same subject matter as the alleged promise." (Mot. at 26.) Plaintiffs failed to respond to this argument altogether. This omission constitutes a concession of that argument and the claim should be dismissed for this reason alone. <u>See</u> <u>Johnson v. Macy</u>, 145 F. Supp. 3d 907, 918 (C.D. Cal. 2015).

Instead, Plaintiffs responded only that their allegations are otherwise sufficient to state a plausible claim for relief. (Opp. at 34-35.)  But, for the reasons explained in the moving papers, these allegations are not enough. (Mot. at 28.) Plaintiffs' allegation that Cigna promised to pay an unspecified percentage of an unidentified amount is not a sufficiently definite promise to support a promissory estoppel claim. (Compl. ¶ 180.)

### 6. Plaintiffs fail to defend their UCL claim.

#### a. Plaintiffs lack standing to pursue a claim under the UCL.

Plaintiffs agree that <u>Amalgamated Transit</u> is controlling and precludes them from pursuing claims under the UCL via assignment. (Opp. at 36.)  Plaintiffs attempt to escape the Supreme Court's holding by professing—contrary to their repeated allegations throughout the Complaint—that they are *not* seeking benefits pursuant to assignments from their patients. (<u>See, e.g.,</u> Compl. ¶¶ 21-22, 45, 73, 93, 132.) Instead, Plaintiffs claim that they are seeking to recover for their own alleged injury in the form of "lost money or property." (Opp. at 37.)  The "lost money or property" that Plaintiffs seek to recover is simply the "benefits" Plaintiffs claim are owed for rendering services that are allegedly "covered" under the plans to the patients at issue. (<u>See, e.g.,</u> Compl. ¶¶ 19-20, 91, 93, 134, 152, 161, 173, 180.) Plaintiffs admit they are not parties to the plans or policies that provide "benefits" for services that are "covered" under those plans and policies. (<u>See, e.g.,</u> Compl. ¶¶ 21-22, 45, 73, 93, 132.)  Plaintiffs' only mechanism for attempting to access those "benefits" is via assignment.  For this reason,

the court in <u>In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litigation</u> rejected the providers' argument, which Plaintiffs make here, that they could bring suit under the UCL because they too had suffered their own injury. 903 F. Supp. 2d 880, 899.

### b. Plaintiffs fail to allege facts to support a violation under the "unlawful" prong.

Plaintiffs fail to respond altogether to Cigna's arguments its moving papers as to why Plaintiffs has failed to assert a claim under the "unfair" or "fraud" prongs and therefore concede the arguments. (Mot. at 31.) With respect to the "unlawful" prong, Cigna demonstrated that Plaintiffs fail this prong as well because, while Plaintiffs allege that Cigna violated a long list of statutes and regulations, Plaintiffs omit any factual allegations showing that a violation actually occurred. (Mot. at 32.) In response, Plaintiffs simply recited the allegations from the Complaint in which they concluded that Cigna violated those statutes. They did not cite to any supporting factual allegations. (Opp. at 38.) Plaintiffs' bare conclusion alone is not enough. <u>See, e.g.</u>, <u>Prime Healthcare Servs.-Shasta, LLC v. United Healthcare Servs.</u>, No. 2:16-cv-01773-KJM-CKD, 2017 U.S. Dist. LEXIS 162863, at *10 (E.D. Cal. Sept. 29, 2017); <u>Daugherty v. American Honda Motor Co., Inc.</u>, 144 Cal. App. 4th 824, 837 (2006).

### c. Plaintiffs do not dispute that they have alleged an adequate remedy at all.

Plaintiffs concede that damages are unavailable for violations of the UCL. (Opp. at 38-39.) Plaintiffs respond instead that they seek equitable relief under the UCL, not damages. (Opp. at 39-40.) But Plaintiffs' mere request for equitable relief under the UCL is insufficient. Plaintiffs must also (1) demonstrate they have no adequate remedy at law and (2) adequately plead entitlement to equitable relief—neither of which Plaintiffs have done.

First, Plaintiffs suggest that they are permitted to plead damages and an entitlement to equitable relief in the alternative. For support, Plaintiffs cite to a non-binding decision from the Southern District of California, which Plaintiffs characterize

as the "prevailing view." <u>See</u> <u>Goldstein v. Gen. Motors LLC</u>, 517 F. Supp. 3d 1076, 1088 (S.D. Cal. 2021).  But the <u>Goldstein</u> court itself acknowledged a split among courts within the Ninth Circuit as to whether a plaintiff should be allowed to seek equitable relief under the UCL where it has alternatively sought damages. <u>Id.</u> The prevailing view in the Central District is that a plaintiff may not.[7]

Second, Plaintiffs fail to plead a plausible claim for equitable relief.  While they purport to seek equitable relief—in the form of a temporary restraining order, preliminary injunction, permanent injunction, and appointment of receiver over Cigna—they do not even attempt to explain how they have plausibly pled an entitlement to any of these extraordinary remedies.  (Opp. at 38-39.) In fact, in <u>Goldstein</u>, the court ultimately dismissed the UCL claim for this exact reason. There, as here, the plaintiff failed to allege that it would be "irreparably harmed or denied an adequate remedy at law in the absence of equitable relief." <u>Goldstein</u>, 517 F. Supp 3d at 1088. Likewise, Plaintiffs do not—and cannot—allege any of the elements necessary to plead an entitlement to a receiver. Cigna noted the absence of any of these allegations (Mot. at 33 n.8), and Plaintiffs neglected to respond. In sum, even if Plaintiffs could seek equitable relief in the alternative under the UCL (which is not the law in the Central District), Plaintiffs have not adequately pled entitlement to any equitable relief.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[7] <u>See, e.g.</u>, <u>Silvercrest Realty, Inc. v. Great Am. E&S Ins. Co.</u>, No. SACV-11-01197, 2012 U.S. Dist. LEXIS 201805, at *7 (C.D. Cal. Apr. 4, 2012); <u>Malibu Behav. Health Servs. v. Magellan Healthcare, Inc.</u>, No. 2:20-cv-01731-ODW (PVCx), 2021 U.S. Dist. LEXIS 113032, at *11-12 (C.D. Cal. June 16, 2021); <u>Women's Recovery Action</u>, No. 20-cv-00102-JWH-ADSx, 2022 U.S. Dist. LEXIS 26463, at *36 (C.D. Cal. Feb 2., 2022).

1 | Dated:  May 13, 2022          Respectfully submitted,

2 | ELIZABETH A. SPERLING
3 | EDWARD KANG
     KELSEY L. KINGSBERY
     **ALSTON & BIRD LLP**

4 |
5 | By:  /s/ *Elizabeth A. Sperling*
     Elizabeth A. Sperling
6 | Attorneys for Defendants CIGNA CORPORATION;
     CIGNA HEALTH AND LIFE INSURANCE COMPANY;
7 | CONNECTICUT GENERAL LIFE INSURANCE
     COMPANY; CIGNA BEHAVIORAL HEALTH, INC.;
8 | CIGNA BEHAVIORAL HEALTH OF CALIFORNIA,
     INC.; CIGNA HEALTH MANAGEMENT, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CIGNA DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2022, I electronically filed the **CIGNA DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the court for the United States District Court, Central District of California by using the Court's CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.

Executed on the 13th day of May, 2022 at Los Angeles, California.


_____/s/ *Elizabeth A. Sperling*_____

Elizabeth A. Sperling

LEGAL02/41652688v6